UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FENG LIN,

                     Plaintiff,

           -against-

ERIC H. HOLDER, JR., Attorney General of the
United States, JANET NAPOLITANO, Secretary,
Department of Homeland Security, ALEJANDRO
MAYORKAS, Director, U.S. Citizenship and
Immigration Services, ROBERT COWAN, Director,
National Benefits Center, U.S. Citizenship and
Immigration Services, ANDREA J.
QUARANTILLO, District Director, U.S.
Citizenship and Immigration Services, New York
City Field Office, CHARLES AKALSKI, Field
Office Director, U.S. Citizenship and Immigration
Services, Holtsville Field Office,

                    Defendants.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-4245 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Feng Lin brought this action against the above-captioned Defendants, initially seeking a Writ of Mandamus compelling United States Customs and Immigration Service ("USCIS") to act on an application to adjust his immigration status (Compl. (Dkt. 1)), and later filing an Amended Complaint asking this court to review USCIS's decisions denying two of his applications (Am. Compl. (Dkt. 15)). Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Def. Mot. to Dismiss (Dkt. 17).) For the reasons explained below, Defendants' motion to dismiss Plaintiff's Complaint is GRANTED, and the court concludes that it does not have jurisdiction over Plaintiff's Amended Complaint.

1

## I. BACKGROUND

Plaintiff is a citizen of China who entered the United States on May 19, 1994. (Compl. ¶ 18.) On July 26, 2010, Plaintiff filed an application to USCIS for adjustment of his immigration status (the "first application"). (Id. ¶ 19.) USCIS denied Plaintiff's first application a few months later based on a finding that Plaintiff had been deported in April of 2006. (Id. ¶ 20.) According to Plaintiff, he had not been deported and USCIS's decision was based on erroneous factual findings. (Id.) After receiving the decision on his first application, Plaintiff immediately filed a motion with USCIS to reopen and reconsider his first application. (Id. ¶ 21.)

On November 18, 2010, Plaintiff filed another application for USCIS to adjust his immigration status (the "second application"). (Id. ¶ 22.) Plaintiff followed up with USCIS numerous times regarding his second application, but in August of 2012, he had still not received a decision. (See id. ¶¶ 24-35.) On August 24, 2012, Plaintiff filed in this court a Petition for a Writ of Mandamus seeking an order compelling Defendants to adjust his citizenship status pursuant to his pending second application. (See id. ¶¶ 1-16.) Plaintiff pleaded that this court had federal question subject matter jurisdiction based on the agency's failure to carry out its functions and act on his second application in a reasonable amount of time. (See id. ¶¶ 8, 16.)

On September 13, 2012, USCIS issued a Notice of Decision denying Plaintiff's second application. (See Notice of Decision (Ex. J. to Mot. to Compel (Dkt. 10-13)) at 1.) Plaintiff then filed a motion for this court to compel USCIS to reconsider its decision and act in accordance with the law and grant Plaintiff's application. (See Mot. to Compel (Dkt. 10).) In his motion to compel, Plaintiff argued that the Administrative Procedures Act, 5 U.S.C. § 701, et. seq. ("APA"), gave the court "jurisdiction to set aside the denial decision and compel USCIS to act in accordance with law." (Id. at 4.)

2

On October 24, 2012, Defendants requested a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff's Complaint, arguing that Plaintiff's case became moot after USCIS acted on Plaintiff's second application. (See Oct. 24, 2012, Def. Ltr. (Dkt. 13).) On November 1, 2012, the court held a pre-motion conference with the parties. (See Nov. 1, 2012, Minute Entry.) The court granted Defendants leave to file their motion and set a briefing schedule. (Id.)

On November 28, 2012, USCIS issued a decision on Plaintiff's motion to reopen and reconsider his first application. (See Am. Compl. ¶ 39.) In this decision, USCIS concluded that Plaintiff was ineligible for adjustment of his immigration status. (Id.) On December 12, 2012—after Defendants had served their motion to dismiss upon Plaintiff but before Plaintiff's response was due—Plaintiff filed an Amended Complaint, which set forth factual allegations relating to the two USCIS decisions issued after the filing of Plaintiff's Complaint and claimed that the agency had not acted in accordance with the law in denying Plaintiff's applications. (See id.) The Amended Complaint sought an order compelling Defendants to "correctly perform their duty to adjudicate [Plaintiff's application to adjust his immigration status] under applicable case law, statutes and regulations." (Id. at 14.)

Defendants filed their fully-briefed motion to dismiss (see Dkt. 17), and argued in their reply memorandum that the court should not accept Plaintiff's Amended Complaint because it was improperly filed and the court lacked subject matter jurisdiction over it (see Def. Reply (Dkt. 17-6)). At the court's direction, the parties also filed supplementary submissions addressing the court's jurisdiction over the Amended Complaint. (See Jan. 10, 2013, Order; Jan. 18, 2013, Def. Ltr. (Dkt. 19); Jan 18, 2013, Pl. Ltr. (Dkt. 20)).

## II. STANDARD

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). A plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002). In deciding a motion under 12(b)(1), the court must construe all ambiguities and draw all inferences in the plaintiff's favor. Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635 (2d Cir. 2005) (citing Makarova, 201 F.3d at 113; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

Defendants argue that Plaintiff's Complaint must be dismissed as moot, and that his Amended Complaint must be disregarded as a legal nullity because the court lacks jurisdiction over it. (Def. Reply at 1-2.) For the following reasons, the court agrees that it does not have jurisdiction over Plaintiff's Complaint or Amended Complaint.

### A. Plaintiff's Complaint

Plaintiff's Complaint claimed that USCIS had unreasonably delayed in adjudicating Plaintiff's application to adjust his immigration status, and sought an order compelling the agency to adjudicate the application. (See Compl.) Defendants argued in their motion to dismiss that after USCIS rendered its September 13, 2012, decision, there was no longer a justiciable controversy and the Complaint must be dismissed as moot. (See Def. Mem. in Supp. of Mot. to Dismiss ("Def. Mem.") (Dkt. 17-2) at 3.)

When the parties lack a legally cognizable interest in the outcome of a case, the case is moot and federal courts lack jurisdiction over it. Muhammad v. City of N. Y. Dep't of

Corrections, 126 F.3d 119, 122 (2d Cir. 1977) (quoting Cnty. of Los Angeles v. Davis, 440 U.S. 625 (1979)). Federal courts' inability to review a moot case "derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Id. (quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)). Where a plaintiff seeks to compel immigration authorities to adjudicate an application for immigration benefits and the application is thereafter adjudicated, the case becomes moot and must be dismissed for lack of subject matter jurisdiction. See Agbor v. Napolitano, No. 08-CV-7801 (RJH), 2009 WL 2432630, at *2 (S.D.N.Y. Aug. 7, 2009) (citing cases).

After Plaintiff's Complaint was filed seeking an order compelling USCIS to issue a decision on Plaintiff's application, USCIS rendered a decision denying Plaintiff's application. (See Jan. 8, 2013, Pl. Ltr. at 1.) Therefore, the Complaint no longer presents an actual dispute, the court does not have jurisdiction over it, and Defendants' motion to dismiss the Complaint must be granted. See Agbor, 2009 WL 2432630, at *2.

### B. Plaintiff's Amended Complaint

Plaintiff filed an Amended Complaint on December 12, 2012, seeking judicial review of USCIS's decision to deny Plaintiff's application. (See Am. Compl.) Plaintiff filed his Amended Complaint approximately four months after he filed his Complaint, and did so without written consent of Defendants or leave of the court. Defendants argue that the court should consider the Amended Complaint a "legal nullity" because it was filed in contravention of the Federal Rules of Civil Procedure, and the court does not have subject matter jurisdiction over it. (See Def. Reply; Jan. 18, 2013, Def. Ltr.) Plaintiff argues that his Amended Complaint was properly filed within twenty-one days after Defendants served their motion to dismiss, and argues that this court has jurisdiction to review the decisions of the USCIS because, pursuant to statute,

nondiscretionary determinations underlying such decisions are subject to judicial review. (Jan. 18, 2013, Pl. Ltr. at 4.)

Section 245 of the Immigration and Naturalization Act ("Section 245") governs adjustment of status of a nonimmigrant to a permanent resident, providing that "the Attorney General, in his discretion and under such regulations as he may prescribe" may adjust the status of an alien lawfully admitted for permanent residence if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255. Pursuant to statute, federal courts lack jurisdiction to review "any judgment regarding the granting of relief under [Section 245]." 8 U.S.C. § 1252; see also Llanos-Fernandez v. Holder, 464 F. App'x 37, 38 (2d Cir. 2012) ("[Federal courts] generally lack jurisdiction to review the discretionary denial of an adjustment application") (citing 8 U.S.C. § 1252(a)(2)(B); Ling Yang v. Mukasey, 514 F.3d 278, 279-80 (2d Cir. 2008)).

Section 245 does, however, give jurisdiction to courts to review nondiscretionary decisions, which involve "colorable constitutional claims or questions of law . . . such as [the] determination that an alien is statutorily ineligible to adjust his immigration status." Llanos-Fernandez, 464 F. App'x at 38 (citing 8 U.S.C. § 1252(a)(2)(D)); see also Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir. 2005). However, petitions for review of nondiscretionary decisions must be filed in the appropriate court of appeals, and district courts are without jurisdiction to entertain them. Shabaj v. Holder, 718 F.3d 48, 51 (2d Cir. 2013) ("[W]hile [the Second Circuit] would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review

[petitioner's] challenge to [USCIS's] discretionary hardship determination." (emphasis in original)); see also 8 U.S.C. § 1252(a)(2)(D) (providing that judicial review of certain legal claims may be done "when raised upon a petition for review filed with *an appropriate court of appeals*") (emphasis added).

Plaintiff's Amended Complaint pleads that jurisdiction is proper under the judicial review provision of the APA, 5 U.S.C. § 701. (See Am. Compl. ¶ 8.) However, "the judicial review provisions of the APA do not apply 'to the extent that . . . statutes preclude review.'" Shabaj, 718 F.3d at 52 (rejecting the argument that a district court had jurisdiction under the APA to review USCIS's denial of a petitioner's application) (quoting 5 U.S.C. § 701(a)(1)). Plaintiff also relies on the Second Circuit's decision in Sharkey v. Quarantillo, 541 F.3d 75 (2d Cir. 2008), as providing a basis for this court's jurisdiction. (See Jan. 18, 2013, Pl. Ltr. at 2-3.) But Sharkey held only that a district court has jurisdiction to determine "what decision was made, not whether the decision was correct or a proper exercise of discretion," and does not provide jurisdiction where a plaintiff seeks de novo review of an immigration application. Shabaj, 718 F.3d at 52 (citing Sharkey, 541 F.3d at 85).

It is clear under Second Circuit precedent and federal statute that this court has no subject matter jurisdiction over the claims Plaintiff raises in his Amended Complaint. The relief Plaintiff seeks in his Amended Complaint must be sought by filing a petition in the Second Circuit Court of Appeals. See 8 U.S.C. § 1252(a)(2)(D); Shabaj, 718 F.3d at 52. Therefore, leave to file an amended pleading in this court would be futile. See Bennett v. N. Y. City Hous. Auth., 248 F. Supp. 2d 166, 172 (E.D.N.Y. 2002).

## III. CONCLUSION

Defendants' motion to dismiss Plaintiff's Complaint is GRANTED, and Plaintiff's Complaint is DISMISSED for lack of jurisdiction. The court does not have subject matter jurisdiction over Plaintiff's Amended Complaint and it is also DISMISSED. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
July 3o, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge